**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

**0** Valuation of Security          **0** Assumption of Executory Contract or Unexpired Lease          **0** Lien Avoidance

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:    **Marc Fass**
           **Jill Fass**

Case No.:         **17-19632**
Judge:

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS - AMENDED

☐ Original                ■ Modified/Notice Required      Date:
☐ Motions Included      ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

## YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan,* which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

■ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ■ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ■ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  **KF**      Initial Debtor:  **M F**      Initial Co-Debtor  **J F**

## Part 1: Payment and Length of Plan

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

a.  The debtor shall pay __262.50  Monthly*__ to the Chapter 13 Trustee, starting on __June 1, 2017__ for approximately **60** months.

b.  The debtor shall make plan payments to the Trustee from the following sources:
- ■   Future Earnings
- ☐   Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:
- ☐   Sale of real property
  Description:
  Proposed date for completion:                    _____

- ☐   Refinance of real property:
  Description:
  Proposed date for completion:                    _____

- ☐   Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion:                    _____

d.   ☐   The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.   ☐   Other information that may be important relating to the payment and length of plan:

## Part 2:  Adequate Protection                                 **X** NONE

a.  Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b.  Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3:  Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Donald Quigley, Esquire DQ9093** | **Attorney Fees** | **2,500.00** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
   Check one:
   ■ None
   ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

**Part 4: Secured Claims**

### a.  Curing Default and Maintaining Payments on Principal Residence: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **Cenlar** | **833 South Olden Avenue Trenton, NJ 08610-5149 Mercer County** | **48,760.84** | **0.00** | **48,760.84** | **1,100.00** |

### c. Secured claims excluded from 11 U.S.C. 506: ■ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ■ NONE

1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|

**-NONE-**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ■ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan ■ NONE**

The following secured claims are unaffected by the Plan:

Creditor

**g. Secured Claims to be Paid in Full Through the Plan ■ NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

## Part 5:  Unsecured Claims        NONE

a. **Not separately classified**  allowed non-priority unsecured claims shall be paid:
- ☐ Not less than $____ to be distributed *pro rata*
- ☐ Not less than ___ percent
- ■ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6:  Executory Contracts and Unexpired Leases        X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7:  Motions    X NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a.  **Motion to Avoid Liens under 11 U.S.C. Section 522(f). ■ NONE**

4

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b**. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ■ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c**. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ■ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8:  Other Plan Provisions

a. **Vesting of Property of the Estate**
- ■ Upon Confirmation
- ☐ Upon Discharge

**b.  Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c.  Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

**d.  Post-Petition Claims**

The Standing Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                     Best Case Bankruptcy

## Part 9:  Modification        NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified:**5/10/17**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **The debtors failed to obtain a loan modification.  The plan is amended to pay the claim of Cenlar** | **The debtors failed to obtain a loan modification.  The plan is amended to pay the claim of Cenlar** |

Are Schedules I and J being filed simultaneously with this Modified Plan?     ■ Yes          □ No

## Part 10 :  Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
□ NONE
■ Explain here:
**\*This plan is a step plan or has lumpsum payments as follows: $262.50 per month for 8 months, then $1,055.00 per month for 52 months**
Any non-standard provisions placed elsewhere in this plan are void.


The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.


I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

| Date | **January 11, 2018** | **/s/ Donald Quigley, Esquire DQ9093** |
|---|---|---|
| | | **Donald Quigley, Esquire DQ9093** |
| | | Attorney for the Debtor |
| Date: | **January 11, 2018** | **/s/ Marc Fass** |
| | | **Marc Fass** |
| | | Debtor |
| Date: | **January 11, 2018** | **/s/ Jill Fass** |
| | | **Jill Fass** |
| | | Joint Debtor |

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

| Date | **January 11, 2018** | **/s/ Donald Quigley, Esquire DQ9093** |
|---|---|---|
| | | **Donald Quigley, Esquire DQ9093** |
| | | Attorney for the Debtor |

I certify under penalty of perjury that the above is true.

| Date: | **January 11, 2018** | **/s/ Marc Fass** |
|---|---|---|
| | | **Marc Fass** |
| | | Debtor |
| Date: | **January 11, 2018** | **/s/ Jill Fass** |
| | | **Jill Fass** |
| | | Joint Debtor |

6

United States Bankruptcy Court
District of New Jersey

In re:                                                                          Case No. 17-19632-KCF
Marc Fass                                                                       Chapter 13
Jill Fass
        Debtors
                                  **CERTIFICATE OF NOTICE**

District/off: 0312-3              User: admin              Page 1 of 2              Date Rcvd: Jan 16, 2018
                                 Form ID: pdf901           Total Noticed: 31


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 18, 2018.
db/jdb         Marc Fass,   Jill Fass,   833 South Olden Avenue,   Trenton, NJ  08610-5149
aty           +KML Law Group, PC,   701 Market Street,   St #5000,   Philadelphia, PA 19106-1538
lm            +Cenlar FSB,   P.O.  Box 77408,   Ewing, NJ 08628-6408
516818303     +ARS/Account Resolution Specialist,   Po Box 459079,   Sunrise, FL 33345-9079
516818304     +Asset Maximization Group. Inc,   26-12 Borrough Pl,   Suite 6B,   Woodside, NY 11377-7835
516818305     +At&T Universal Citi Card,   Po Box 6500,   Sioux Falls, SD 57117-6500
516818307    #+Bank Of America,   Nc4-105-03-14,   Po Box 26012,   Greensboro, NC 27420-6012
516818308     +Capital One,   Po Box 30285,   Salt Lake City, UT 84130-0285
516818310     +Chase Card,   Attn: Correspondence Dept,   Po Box 15298,   Wilmington, DE 19850-5298
516818311     +Citibank / Sears,   Citicorp Credit Services/Attn: Centraliz,   Po Box 790040,
               Saint Louis, MO 63179-0040
516818312     +Citibank/Goodyear,   Citicorp Cr Srvs/Centralized Bankruptcy,   Po Box 790040,
               S Louis, MO 63179-0040
516818313     +Comenity Bank/Lane Bryant,   Attn: Bankruptcy,   Po Box 182125,   Columbus, OH 43218-2125
517078110     +New Jersey Housing and Mortgage Finance Agency,   c/o Cenlar FSB,   425 Phillips Blvd,
               Ewing, NJ 08618-1430
516818318     +Phoenix Financial Services. Llc,   Po Box 361450,   Indianapolis, IN 46236-1450
516818323      Usaa Savings Bank,   Po Box 47504,   San Antonio, TX 78265


Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Jan 16 2018 23:37:56      U.S. Attorney,   970 Broad St.,
               Room 502,   Rodino Federal Bldg.,   Newark, NJ  07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 16 2018 23:37:54      United States Trustee,
               Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
               Newark, NJ 07102-5235
516818309     +E-mail/Text: kzoepfel@credit-control.com Jan 16 2018 23:37:57      Central Loan Admin & R,
               425 Phillips Blvd,   Ewing, NJ 08618-1430
516829716      E-mail/Text: mrdiscen@discover.com Jan 16 2018 23:37:33      Discover Bank,
               Discover Products Inc,   PO Box 3025,   New Albany, OH  43054-3025
516818314     +E-mail/Text: mrdiscen@discover.com Jan 16 2018 23:37:33      Discover Financial,   Po Box 3025,
               New Albany, OH 43054-3025
516818315     +E-mail/Text: bknotice@erccollections.com Jan 16 2018 23:37:59      ERC/Enhanced Recovery Corp,
               8014 Bayberry Rd,   Jacksonville, FL 32256-7412
516818316     +E-mail/Text: bnckohlsnotices@becket-lee.com Jan 16 2018 23:37:36      Kohls/Capital One,
               Kohls Credit,   Po Box 3043,   Milwaukee, WI 53201-3043
516818317     +E-mail/Text: bankruptcydpt@mcmcg.com Jan 16 2018 23:37:54      Midland Funding,
               Attn: Bankruptcy,   Po Box 939069,   San Diego, CA 92193-9069
517047275     +E-mail/Text: bankruptcydpt@mcmcg.com Jan 16 2018 23:37:54      Midland Funding LLC,
               PO Box 2011,   Warren, MI 48090-2011
516818319      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 16 2018 23:46:33
               Portfolio Recovery,   Po Box 41067,   Norfolk, VA 23541
517077523      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 16 2018 23:46:33
               Portfolio Recovery Associates, LLC,   C/O Capital One, N.A.,   POB 41067,   Norfolk VA 23541
517077583      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 16 2018 23:57:24
               Portfolio Recovery Associates, LLC,   c/o Sears Mastercard,   POB 41067,   Norfolk VA 23541
516818320     +E-mail/PDF: gecsedi@recoverycorp.com Jan 16 2018 23:40:21      Syncbpaypalsmartconn,
               Synchrony Bank,   Po Box 965064,   Orlando, FL 32896-5064
516818321     +E-mail/PDF: gecsedi@recoverycorp.com Jan 16 2018 23:40:21      Synchrony Bank/ JC Penneys,
               Attn: Bankruptcy,   Po Box 956060,   Orlando, FL 32896-0001
516818322     +E-mail/PDF: gecsedi@recoverycorp.com Jan 16 2018 23:40:14      Synchrony Bank/Gap,
               Attn: Bankruptcy,   Po Box 956060,   Orlando, FL 32896-0001
517076270     +E-mail/Text: bncmail@w-legal.com Jan 16 2018 23:38:02      USAA Savings Bank,
               C O WEINSTEIN & RILEY, PS,   2001 WESTERN AVENUE, STE 400,   SEATTLE, WA 98121-3132
                                                                                          TOTAL: 16


            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516818306    ##+Aurora Financial Gr In,   9 Eves Dr Ste 190,   Marlton, NJ 08053-8114
                                                                        TOTALS: 0, * 0, ## 1


Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

```
District/off: 0312-3          User: admin              Page 2 of 2          Date Rcvd: Jan 16, 2018
                              Form ID: pdf901          Total Noticed: 31
```

```
                    ***** BYPASSED RECIPIENTS (continued) *****
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 18, 2018                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 11, 2018 at the address(es) listed below:
          Albert  Russo   docs@russotrustee.com
          Brian C. Nicholas   on behalf of Creditor   New Jersey Housing And Mortgage Finance Agency
           bnicholas@kmllawgroup.com,  bkgroup@kmllawgroup.com
          Kevin C. Fayette   on behalf of Debtor Marc  Fass kfayette@kevinfayette.com
          Kevin C. Fayette   on behalf of Joint Debtor Jill  Fass kfayette@kevinfayette.com
          U.S. Trustee   USTPRegion03.NE.ECF@usdoj.gov
                                                                      TOTAL: 5
```